# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICHAEL PROCTOR, an Individual, )
on behalf of himself and all others )
similarly situated, )
                              )
                 Plaintiff, )
                              )
vs. )      Case No. CIV-15-750-M
                              )
GLOBE LIFE AND ACCIDENT )
INSURANCE COMPANY, )
                              )
                 Defendant. )

## ORDER

Before the Court is plaintiff's Motion to Remand, filed July 24, 2015. On August 14, 2015, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

On February 10, 2015, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma. On June 11, 2015, plaintiff, on behalf of himself and a putative class, filed a First Amended Petition. On July 10, 2015, defendant removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now moves to remand this action back to state court.

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 554.

To establish jurisdiction under CAFA, a party must show, among other things, that "the matter in controversy exceed[ ] the sum or

> value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §
> 1332(d)(2). The amount in controversy, in turn, is not "the amount
> the plaintiff will recover," but rather "an estimate of the amount that
> will be put at issue in the course of the litigation." *McPhail v. Deere
> & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *see also Gibson v. Jeffers*,
> 478 F.2d 216, 220 (10th Cir. 1973) ("The test to determine amount
> in controversy is not the sum ultimately found to be due, but the sum
> demanded in good faith.").

*Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012). "A defendant

seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by

a preponderance of the evidence." *Id.* at 1246. "Once a defendant meets this burden, remand is

appropriate only if the plaintiff can establish that it is legally impossible to recover more than

$5,000,000." *Id.* at 1247. Finally,

> a defendant's notice of removal need include only a plausible
> allegation that the amount in controversy exceeds the jurisdictional
> threshold. Evidence establishing the amount is required by §
> 1446(c)(2)(B) only when the plaintiff contests, or the court questions,
> the defendant's allegation.

*Dart*, 135 S. Ct. at 554.

In the case at bar, plaintiff asserts that defendant has not made the requisite showing that the

amount in controversy exceeds $5,000,000. Having carefully reviewed the parties' submissions and

defendant's Notice of Removal, the Court finds that defendant has shown that the amount in

controversy exceeds $5,000,000 by a preponderance of the evidence. Specifically, the Court finds

that defendant's Notice of Removal includes plausible allegations that the amount in controversy

exceeds the jurisdictional threshold. Further, the Court finds that defendant has submitted evidence

with its response to plaintiff's motion to remand establishing that the amount in controversy exceeds

$5,000,000. Attached to defendant's response is the affidavit of Dawn D. Mitchell, defendant's

Senior Vice-President of Policy Administration. In her affidavit, Ms. Mitchell states that during the

five-year period from 2010-2014, there were 3,097,538 Globe Life insureds' policies that lapsed for non-payment of premium.[1]  *See* Affidavit of Dawn D. Mitchell at ¶ 5.  If each of the 3,097,538 insureds proved they were entitled to damages of only $5.00, the total damages would be $15,487,690 – well above the $5,000,000 threshold.  Additionally, if only 1% of the 3,097,538 insureds could prove entitlement to damages, the amount of damages for each insured need not be any greater than $162 before the requisite amount in controversy is met; in the case at bar, plaintiff claims he paid $665 in policy premiums after his policies lapsed.  Finally, the Court finds that plaintiff has not established that it is legally impossible to recover more than $5,000,000.

Accordingly, the Court DENIES plaintiff's Motion to Remand [docket no. 11].

**IT IS SO ORDERED this 26th day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]The Court would note that plaintiff's purported class is not limited to only the five-year period from 2010-2014.

3