## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) MICHAEL PROCTOR, an Individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v <br><br> (2) GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Defendant. | Case No:  5:15-cv-750 M |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, Michael Proctor, individually and on behalf of all others similarly situated, (collectively "Plaintiff") by and through his counsel, brings this action against Globe Life and Accident Insurance Company ("Globe").  On June 11, 2015, Plaintiff, on behalf of himself and a putative class, filed a First Amended Petition in the District Court of Oklahoma County, State of Oklahoma.  On July 10, 2015, Defendant removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). This Court found that Globe had shown that the amount in controversy exceeded $5,000,000 by a preponderance of the evidence.  Order [Doc. No. 22].  The Court granted leave for the filing of this Amended Complaint [Doc. No. 23].  The following allegations are based upon Plaintiff's personal knowledge in his own circumstances and upon information and belief as to all other matters.

## I.    NATURE OF ACTION

1.    This proposed class action arises out of Globe's intentional business practice of taking life insurance premiums on lapsed life insurance policies, without providing any life insurance coverage for the life insurance premiums taken.

2.    All of Globe's insurance policies contain premium payment provisions that provide for premium payments on lapsed insurance policies only when such life insurance premium payments are utilized for reinstatement of the policy to reinstate the life insurance coverage for the insured.

3.    Globe's life insurance policies have premium payment provisions similar or identical to Mr. Proctor's life insurance policy and none of Globe's life insurance policies have provisions for the submission and taking of life insurance premium payments on life insurance policies that have already lapsed, except for payments utilized for the reinstatement of the life insurance policy coverage.

4.    There are no Globe life insurance policy provisions, or any other legitimate basis, for the taking of life insurance policy premium payments after the grace period on a lapsed insurance policy, unless the premium payments are utilized for the reinstatement of life insurance policy coverage for the insured.  In every other such circumstance, Globe is taking life insurance premium payments that it knows were submitted to it for payment of life insurance premiums without providing any life coverage at all to the insured for the life insurance premiums taken by Globe.

5.    Mr. Proctor's policy with Globe Life Insurance Company is attached as Exhibit 1 to this Complaint.  The provisions for premium payments on the life insurance policy, in their entirety, are as follows:

**PREMIUMS AND REINSTATEMENT**

PREMIUMS - Premiums are payable in advance at Our Home Office. We will issue You a receipt upon request.

GRACE PERIOD - This certificate has a 31-day grace period. This means that if any premium after the first is not paid on or before the date it is due, it may be paid during the following 31 days. During the grace period, the certificate will stay in force. At the end of the grace period, the certificate will lapse.

REINSTATEMENT - If Your certificate lapses, You may ask that it be put back in force. We will do so provided: (a) Your written request is received at Our Home Office within one year of the due date of the first unpaid premium; (b) You show that the Insured is still insurable according to Our normal rules; and {c) You pay all overdue premiums, plus compound interest at the reinstatement interest rate shown on page 1.

6.    Like all Globe Life insurance policies (and all life insurance policies) Globe's contract with the insured provides for 1) "PREMIUMS" payable in advance of the due date, 2) "GRACE PERIOD" premium payments within the grace period which maintain the policy in force (and, otherwise, a lapse of the policy) and 3) "REINSTATEMENT" for premium payments after the policy lapses in order to put the policy back in force.

7.    All life insurance policy premiums taken by Globe on a lapsed insurance policy that are not utilized to reinstate the policy back in force are improperly taken premiums that provide no life insurance coverage in return for the taking of the premium. There is no policy provision for the taking of these payments and Globe cannot rightfully

3

deposit and retain these insurance policy premiums without providing any life insurance coverage for the premiums.

8.    If Globe Life receives a life insurance premium payment after the grace period when the policy has lapsed, then it can only use such premiums in connection with a proper reinstatement of the policy coverage for its insured or it must return the premiums to the insured.  Globe cannot accept such premiums, and solicit additional life insurance premium payments, on a lapsed life insurance policy without providing any life insurance coverage for the retained premium.  All such takings by Globe are wrongful.

9.    Globe has intentionally developed a scheme designed to induce their insureds to continue paying premiums on lapsed insurance policies under the mistaken belief that they are paying for life insurance policy coverage that would actually provide them a life insurance benefit in the event of a death.

10.    Globe's scheme is accomplished by simply delaying each month's premium notice until the previous month's premium is received.  By simply delaying any months premium notice until after the previous months premium is received, Globe can continue to receive premium submissions on lapsed insurance policies and their insured will simply get an updated request for the next premium each time in return.  Without this intentional delay in the timing of sending premium notices, Globe's improper taking of life insurance premiums on lapsed insurance policies could never sustain continued premium payments because there would be no further premium notices on the already lapsed policies.  By simply postponing and delaying sending premium notices at the usual time, Globe can sustain continued life insurance premium payments on a lapsed life

insurance policy indefinitely without ever providing a single day of life insurance coverage to their premium paying insured.

11.     The Defendant admitted to and explained this scheme to its regulator, the Oklahoma Insurance Department, in connection with Mr. Proctor's claim – characterizing the scheme as "an effort to assist our policyholders".  See the letter attached as Exhibit 2 to this Complaint:

> In an effort to assist our policyholders who have fallen behind in their premium payments, Globe Life does allow policyholders additional time after expiration of the grace period to pay the premiums if the insured is still in good health. Premium notices are sent approximately 20 days before the next due date. If a premium has not yet arrived for the previous month's due date, the next month's premium notice will be delayed until the previous month's premium is received. If a premium is 35 days past due, a lapse notice will go out. For the July 9, 2014, due date, the premium for the June 9, 2014, due date was not received in our office until September 24, 2014. This delayed the July 9, 2014, billing notice from going out until September 24, 2014. The premium billing notice that went out on September 24, 2014, advised Mr. Proctor that this was the notice for the July 9, 2014, due date. No payments were received after September 24, 2014.

12.     Globe's letter to the Insurance Department attached a "Premium History" (Exhibit 2) for Mr. Proctor's life insurance policy which verified this improper business practice that is the subject of this class action.  The last premium payment taken by Globe on this policy within the grace period was on July 23, 2013.  This premium payment, within the policy grace period extended additional coverage for Mr. Proctor up until August 9, 2013 during which period he still would have had life insurance coverage on the death of his wife.  Every monthly premium payment taken by Globe after that date was on a lapsed insurance policy that was never reinstated and Mr. Proctor made monthly

premium payments on this policy for over one year without ever having a day of coverage providing any life benefit on the death of his wife.  Such continued monthly life insurance payments on a life insurance policy that had already been lapsed for over one year is made possible only by Globe's intentional business practice of delaying the applicable premium notices in order to continue to prompt and facilitate such improper premium payments on an already lapsed life insurance policy.

13.     These delayed premium notices give the option to pay one or multiple months, even though reinstatement (to actually receive any coverage) can only be accomplished by payment of all back due premiums (at least two months).

14.     Globe's intentional delay in the sending of premium notices (and failure to request the proper amount) naturally facilitates the submission of life insurance premium payments on already lapsed insurance policies such that an insured would be intentionally reassured that Globe was continuing to provide life insurance coverage under the policy when such is not the case.  For that reason, this business practice has caused the improper payment and taking of life insurance premium payments on lapsed insurance policies on a wide spread basis.

15.     If Globe Life receives a premium payment on a life insurance policy that has already lapsed beyond the grace period, then it should advise its insured of any other requirements or conditions or otherwise utilize those premium payments to reinstate life insurance coverage for the benefit of their insured.  Any such premiums submitted on a lapsed policy after the grace period that are not utilized for reinstatement of the policy coverage should not be taken, but returned to the insured.  Globe Life improperly retains

such premiums without reinstating the policy coverage and without providing any life insurance coverage in exchange for the premium payment. Every such instance is a wrongful taking and retention of another person's money.

16.     For these reasons and those more fully set forth herein, Plaintiff asserts claims individually and on behalf of all other members of the proposed class.

## II.     PARTIES, JURISDICTION AND VENUE

17.     Michael Proctor is a resident of Oklahoma County, State of Oklahoma.

18.     Defendant, Globe Life and Accident Insurance Company, ("Globe") is an Oklahoma domestic insurance company doing business in the State of Oklahoma and all other states in the United States, with its principal place of business in Oklahoma City.

19.     This Court has previously determined that Globe has shown that the amount in controversy exceeds $5,000,000 by a preponderance of evidence and deemed that the removal of this action to this Court was appropriate pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Order [Doc. No. 22].

20.     Mr. Proctor brings this action as a class action on behalf of himself and all others similarly situated in the United States – any life insurance policyholder from whom Globe took premium payments on an already lapsed life insurance policy without reinstating that life insurance policy coverage.

21.     Mr. Proctor's insurance policy giving rise to this litigation was sold, issued, delivered, and renewed in the United States, as are all other life insurance policies involved in this putative class, and this Court has jurisdiction and is a proper venue for this litigation.

22.     Mr. Proctor's insurance policy involved in this litigation was sold and issued in the State of Oklahoma while Mr. Proctor was a resident of the State of Oklahoma.

23.     Venue is proper in this judicial district pursuant to 28 U.S. C. §1391(a) and (b) on the grounds that all or a substantial portion of the acts giving rise to the violations alleged here occurred in this judicial district.

### III.     MICHAEL PROCTOR'S INSURANCE POLICY

24.     Plaintiff, Michael Proctor, purchased a life insurance policy from Globe on the life of his wife, Sherri Proctor, with an effective date of May 9, 2013.  Plaintiff, Michael Proctor, was the beneficiary of this life insurance policy.

25.     On September 29, 2014 Sherri Proctor died.

26.     Mr. Proctor submitted a claim for the life insurance benefits to Globe and otherwise met all conditions precedent.

27.     Globe denied the claim asserting that the life insurance policy had lapsed.

28.     The life insurance policy had lapsed on August 9, 2013, over one year prior to Mrs. Proctor's death.

29.     Mr. Proctor's life insurance policy coverage for his wife was never reinstated or otherwise in force to provide any life insurance benefit for a loss at any time after August 9, 2013.

30.     In the months between August 9, 2013 and Mrs. Proctor's death on September 29, 2014, the Defendant Globe solicited, received, and took approximately one dozen monthly premium payment submissions from Mr. Proctor for this lapsed

policy.  Globe deposited Mr. Proctor's most recent monthly payment for this policy just five days prior to his wife's death.

31.    Mr. Proctor's policy covering the life of his wife was never reinstated and he was never provided any life insurance policy coverage in return for the premiums which were taken by Globe at any time after the lapse of the policy for over one year prior to her death.

32.    Globe, knowing that these premium submissions did not purchase or provide any life insurance coverage of any kind for Mr. Proctor because the policy had lapsed, simply took his money surreptitiously without providing Mr. Proctor any policy coverage for these many premiums.

33.    Globe knew that the monthly premiums were submitted for life coverage under this policy, knew that it was not providing any life insurance coverage for Mr. Proctor for his money, continued to take the money under these known false pretenses, took the money claiming that the premiums were earned and refused to return the money.

34.    Globe wrongly exerted dominion over Mr. Proctor's money on a lapsed insurance policy knowing that the policy was and remained lapsed.

35.    Mr. Proctor has suffered the loss of the money taken after the policy lapsed, attorney fees and other consequential damages.

36.    Defendant acted in reckless disregard for the rights of others or intentionally and with malice such that punitive damages are appropriate.

37.    Globe has admitted to a practice of taking insurance premiums on lapsed policies, after expiration of the grace period, without reinstatement of any policy

coverage. Obviously, such a practice is not supported by or provided for in the policy and allows Globe to take premium dollars that were obviously submitted to provide life insurance coverage without ever providing any such coverage in return for the money.

38.    Mr. Proctor alleges that the other putative class members defined herein has similarly had their money improperly taken and retained by Globe pursuant to the described routine organizational practice.

39.    Globe has admitted that they routinely take premiums on lapsed insurance policies without reinstating the coverage and that they facilitate such improper premium payments by intentionally delaying premium notices so that their insured receives continuing requests for continuing premium payments on policies that have been lapsed for some time.

40.    The intentionally delayed premium notices provide for payment of only one month's premium when Globe knows that such a payment is insufficient to reinstate an already lapsed policy. By giving the insured a delayed notice to pay only one month of premium, Globe facilitates continuing monthly payments on an already lapsed policy where they would never have to honor a claim.

41.    Globe's improper taking of life insurance policy premium payments as described herein is improper, contrary to the policy premium payment provisions, and actionable in every state. The improper taking and retention of insurance premiums submitted as premium payments on life insurance policies with false pretenses without providing any life insurance coverage for the life insurance premium payments taken is improper and actionable in every state.

42.     Globe has argued that such premium payments taken by Globe somehow extended the time for possible reinstatement of the policy but this position is false, contrary to the policy, and irrelevant.  The involved premium payments were submitted to Globe in the amount of the premium payments specified and required by Globe for specific periods of life insurance policy coverage and Globe cannot take such premiums without providing the life insurance coverage for which that premium payment was paid.

43.     Globe Life has facilitated the increased incidence of such improper premium payments after the policy has lapsed by intentionally deceiving and misleading its insureds by delaying the normal timing of premium notices such that the life insurance policyholders continued to receive ongoing premium notices soliciting continuing premium payments even on policies that may have been lapsed for a long time.  Globe Life's design to intentionally delay these premium notices, together with requesting improper amounts and omitting to say anything about any proper reinstatement of coverage, is intentionally designed to increase the incidence of their improper taking of such premium payments.

## IV.    PLAINTIFF'S CLASS ACTION ALLEGATIONS

44.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a proposed nationwide class initially defined as:

> *All Globe policyholders residing in the United States (including its Territories and the District of Columbia) that paid Globe life insurance policy premium payments, which Globe retained, at a time when that life insurance policy was already lapsed and was not reinstated with such payment.*

45.     Excluded from the proposed National Class are (i) Defendant Globe Life and Accident Insurance Company, any parent, affiliate, or subsidiary of Defendant, (ii) any entity in which Defendant has a controlling interest; (iii) any of Defendant's officers or directors; (iv) any successor or assign of Defendant (v) anyone employed by counsel for Plaintiff; (vi) any Judge to whom this case is assigned, his or her spouse, and all members of their families; (vii) persons who have settled with and validly released Defendant from separate claims against Defendant based on the conduct alleged herein; (viii) any and all federal, state or local government entity, including but not limited to, their associated departments, agencies, divisions, bureaus, boards, sections, groups, councils, and/or any other subdivision, and any claim that such governmental entity(ies) may have directly or indirectly; (ix) class counsel; (x) the Judges of any court which this case is assigned; (xi) any persons who Plaintiff's counsel is prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

46.     Plaintiff reserves the right to amend this definition of the National Class if discovery or further investigation reveals the Class should be expanded or otherwise modified to appropriately define such Class.

**Numerosity of the Class – Fed. R. Civ. P. 23(a)(1)**

47.     The members of the National Class are so numerous that it would be impracticable to join all members individually.  The exact number of National Class members is not currently known to Plaintiff and can only be ascertained through appropriate discovery.  Plaintiff believes there are thousands of Class members located throughout the United States. The Court has previously noted the Defendant's evidence

12

that there were 3,970,538 Globe life insurance policies that lapsed for non-payment of premium just in the five year period from 2010 to 2015. See Order, [Doc. No. 22]. Given Globe's practice of continuing to delay and send premium notices long after policies have lapsed, the incidence of continued premium payments on such lapsed policies would presumably involve at least thousands of Class members.

**Existence and Predominance of Common Questions – Fed. R. Civ. P. 23(a)(2), 23 (b)(3)**

48.    Common questions of law and fact exist as to all National Class members, and these common questions predominate over any questions affecting only individual members. There is a single common legal question that is wholly determinative of all class members claims. Of course, such policies provide that premium payments must be made before the expiration of the grace period or else the policy lapses and is no longer in force to provide any life insurance coverage. The only policy provision for payment on a policy after the policy has lapsed is in connection with reinstatement provisions which, among other things, entail payment of all the past due premiums and reinstatement of the life insurance policy coverage for the benefit of the insured under the policy. Obviously, a policy does not have any provision for payment on a lapsed policy and taking of that money without any reinstatement of life insurance policy coverage under the policy. However, Globe has admitted to a practice of taking money sent as payments for life insurance policies after the policies have lapsed, without reinstating the policy to provide its life insurance coverage. Again, there is one single common legal question for the Court's determination that is wholly determinative of all class members

claims. Either Globe can take money sent as payments for life insurance policies that have already lapsed, without reinstating the life coverage, such that they are simply taking money without providing any life coverage, or they cannot. Plaintiff submits that any and all such taking is wrongful and that Globe is not entitled to retain such payments. This single, dispositive, common question in all of these claims should be adjudicated as a matter of law by the Court and this single adjudication would resolve the liabilities of all parties to this action.

**Typicality – Fed. R. Civ. P. 23 (a)(3)**

49.    Plaintiff's claims are typical of the claims of the members of the National Class because he, among other things, paid premium payments on a lapsed life insurance policy for an extended period of time without ever having any reinstatement coverage under that policy.

50.    Plaintiff and the other National Class members paid Globe life insurance premium payments to receive the policy life coverage for those payments. Plaintiff and other National Class members lost those payments as a direct proximate result of Globe's wrongful conduct. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other National Class members' claims and are based on the same legal issue.

**Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**

51.    Plaintiff is an adequate representative to represent the interests of the members of the National Class. Plaintiff's interests are aligned with those of the members he seeks to represent and are not opposed to any putative class member's

interest(s). Additionally, Plaintiff has retained counsel that is competent in prosecuting class action cases and other forms of complex litigation.

**Superiority – Fed. R. Civ. P. 23(b)(3)**

52.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other things: it is economically impracticable for members of the National Class to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and a class action will enable claims to be handled in an orderly and expeditious manner.

53.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class that could establish incompatible standards of conduct for the Defendant, or which could, as a practical matter, be dispositive of the interests of non-parties.

54.    Questions of law or fact are common to all members of the class and predominate over any questions affecting only individual members, such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damage suffered by each individual class member may be relatively small, the burden and expense of individual prosecution of this complex and extensive litigation makes it impossible for individual class members to seek redress for the wrongful conduct alleged here. Absent a class action, Defendants likely would retain the benefits of their wrongdoing. In addition, individual litigation would increase the delay and expense to all parties and to the court system. By contrast, the class action

device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

55.    The Plaintiffs anticipate no unusual difficulties in the management of this litigation as a class action.

**Common Claims**

56.    Michael Proctor and all class members submitted life insurance premium payments to Globe on lapsed insurance policies and Globe took and retained those life insurance premium payments without providing any life insurance coverage under the subject policy.   The Globe life insurance policy of Mr. Proctor and all class members makes provision for premium payments after the policy has lapsed only in connection with reinstatement of the policy coverage.

57.    In each such instance where Globe took a life insurance premium payment on a lapsed policy without reinstating that policy, Globe life should have returned the premium or worked with the insured to garner additional premium payments and whatever else was required to utilize the life insurance premium payment to effectively reinstate and provide the life insurance coverage for which the premium was submitted.

58.    Globe intentionally took these premium payments knowing that it was not entitled to this money and without any reasonable claim to the same.   Globe intentionally and deceitfully retained the premiums in a manner to deceive their insured into believing they were paying for life insurance coverage so that they could continue to request and receive further additional premium payments on the already lapsed policy.

59.    The involved premium payments on already lapsed policies were intentionally and deceitfully solicited by Globe by delaying the normal timing of premium notices in continuing to submit such delayed premium notices to their insured even after the life insurance policy coverage had already lapsed.

60.    The delayed premium notices intentionally request premium payments in improper amounts that Globe knows will not provide for reinstatement or any life coverage for the insured.

61.    The taking of these life insurance premium payments on these lapsed life insurance policies is not provided for in the policy contract between these Plaintiffs and Globe such that Globe's taking of such payments is a breach of the contract in derogation of the contractual agreement in the life insurance policy.

62.    Globe's delayed premium notices and continued solicitation of further premium payments on lapsed insurance policies without any disclosure of the true absence of any life insurance coverage provided or any disclosure with respect to proper reinstatement of the policy at that time constitutes false representation and deceit.

63.    The false representations and omissions were intended and designed to mislead these Plaintiffs and did mislead them and caused them to submit premium payments for life insurance coverage that was never afforded to them.

64.    In the alternative, Globe's actions and omissions described herein in connection with the solicitation and taking of these premium payments on lapsed policies was a departure from the reasonable standard of care and constituted negligence and a breach of Globe's duties to Plaintiff and members of the class.

17

65.    Globe knew or could have reasonably foreseen the damages associated with this conduct and Mr. Proctor and the class members have incurred damages as a result.

66.    Globe knew that these premium payments were submitted for life insurance policy coverage, knew that their actions and omissions would be relied upon and were relied upon by these persons in submitting these premium payments and knew that it would cause these Plaintiffs to submit premium payments for which they never would receive any life insurance coverage benefit.

67.    As a result of these actions and omissions, Globe has been unjustly benefited through the wrongful retention of these premium payments.  It would be unjust for Globe to retain these unjust benefits retained by its actions and omissions and Mr. Proctor and the members of this class are entitled to restitution and disgorgement of Globe's unjust enrichment and all ill-gotten gains acquired by Globe as a result of the wrongful conduct alleged herein.

68.    Globe's retention of any such premium payments on a lapsed insurance policy, without reinstating such policy, is a wrongful taking and retention of the money of another such that Globe should be required to return their money.

69.    Because of Globe's knowing and active concealment of the true facts above, any and all applicable statute of limitations that might otherwise bar any Class member's claims have been tolled.  Plaintiff and members of the Class were not aware of essential information necessary to pursue or even have knowledge of their claims. Plaintiff and members of the Class could not reasonably have discovered that Globe was failing to provide any coverage for the premiums paid for the reason that Globe's actions

and omissions were calculated to and did conceal these facts. Globe's own actions should toll any applicable statute of limitations.

70.    Globe's actions and omissions described herein were wanton and willful, and in reckless disregard for the rights of others and intentional such that punitive damages are appropriate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other National Class members, prays for judgment for all premium payments improperly taken and retained by Globe, attorney fees, any appropriate punitive damages, consequential damages, for cost of this action and all other relief just and proper.  Plaintiff prays this Court for an Order certifying the proposed National Class and appointing Plaintiff and his counsel to represent the National Class; for a determination that the taking and retention of such premiums on lapsed insurance policies is improper and for judgment awarding Mr. Proctor and the other members of the class the above damages.

<b>MANSELL ENGEL & COLE</b>

By:  s/Mark A. Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100   F: (405) 232-4140
E-mail:  mansell-engel@coxinet.net

**ATTORNEYS FOR PLAINTIFF
MICHAEL PROCTOR**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven J. Adams @ *sadams@gablelaw.com*
John D. Russell @ *jrussell@gablelaw.com*
Tammy D. Barrett @ *tbarrett@gablelaw.com*

ATTORNEYS FOR DEFENDANT –

s/Mark A. Engel