# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL PROCTOR, an Individual, )
on behalf of himself and all others )
similarly situated, )
                                                Plaintiff, )
vs. )   Case No. CIV-15-750-M
GLOBE LIFE AND ACCIDENT )
INSURANCE COMPANY, )
                                             Defendant. )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed November 19, 2015. On December 9, 2015, plaintiff filed his response, and on December 16, 2015, defendant filed its reply. Defendant moves this Court to dismiss those portions of plaintiff's Amended Class Action Complaint seeking attorney fees and punitive damages.

I.    Attorney Fees

Defendant asserts that plaintiff has not alleged, and cannot allege, a basis to support plaintiff's request for attorney fees. Defendant contends that plaintiff must identify either a statute or contractual provision entitling plaintiff to attorney fees and because plaintiff has not, the Court should dismiss that portion of plaintiff's Amended Class Action Complaint requesting attorney fees. Plaintiff asserts that attorney fees are recoverable under a "common benefit" theory. Specifically, plaintiff contends that should he prevail such that return of the allegedly wrongfully taken premiums be ordered, a benefit common to the entire class will have been conferred and that in such an event, the Court has the authority to order an award of attorney fees based upon the benefit conferred.

In Oklahoma, whether a litigant can recover attorney fees is governed by the American Rule which precludes an award of fees absent statutory or contractual authority. *See Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991). However,

> [t]he common [benefit] doctrine is an exception to the general rule that attorney fees are not recoverable absent some statutory authority therefor or an enforceable contract. When an individual's efforts succeed in creating or preserving a fund that benefits similarly situated non-litigants, equity powers may be invoked to charge that fund with attorney fees for legal services rendered in its creation or preservation. The created or preserved fund must be brought under the direct supervision of the court. The idea is that those who benefit from the fund's preservation should contribute to the expense of litigation.

*Fent v. State ex rel. Dep't of Human Servs.*, 236 P.3d 61, 70 (Okla. 2010) (internal citation omitted).

Having carefully reviewed plaintiff's Amended Class Action Complaint, the Court finds that it would be premature at this stage of the proceedings to find that plaintiff cannot recover attorney fees under the "common benefit" theory. Therefore, the Court finds that plaintiff's request for attorney fees should not be dismissed at this time.

II.   Punitive Damages

Defendant also asserts that plaintiff has not alleged, and cannot allege, a basis to support plaintiff's request for punitive damages. Defendant contends that a request for punitive damages requires identification of a cause of action which supports punitive damages, and because plaintiff has not, the Court should dismiss that portion of plaintiff's Amended Class Action Complaint requesting punitive damages.

Under Oklahoma law, the torts of fraud and deceit may support an award of punitive damages. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1314 (10th Cir. 1998). Having carefully reviewed plaintiff's Amended Class Action Complaint, the Court finds that plaintiff has

alleged claims for false representation and deceit. *See* Amended Class Action Complaint [docket no. 24] at ¶ ¶ 62, 63. Thus, the Court finds that plaintiff has alleged a basis to support his request for punitive damages and that the portion of plaintiff's Amended Class Action Complaint requesting punitive damages should not be dismissed.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 28].

**IT IS SO ORDERED this 20th day of April, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE