# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL PROCTOR, an Individual, on behalf of himself and all others similarly situated,

        Plaintiff,

vs.

GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,

        Defendant.

Case No. CIV-15-750-M

## ORDER

Before the Court is plaintiff's Motion for Class Certification, filed September 23, 2016. On November 4, 2016, defendant filed its response, and on December 2, 2016, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.[1]

I.    Introduction

Since 1951, defendant has sold life insurance policies to people throughout the United States. The "Premium and Reinstatement" provisions in defendant's life insurance policies are substantially similar. The policies all provide that (1) premiums are payable in advance of the due date; (2) there is a 31 day grace period during which the policy will stay in force and during which premiums can be paid; (3) if the premium is not paid during the grace period, the policy will lapse; and (4) if the policy lapses, the insured can ask that it be reinstated and the policy will be reinstated if the following three conditions are met: (a) the written request is received within a certain time period of the due date of the first unpaid premium; (b) the insured shows that he is still insurable;

---

[1] Having reviewed the parties' submissions, the Court finds that oral argument or a hearing on the motion would not assist the Court in deciding the issues presented.

and (c) the insured pays all overdue premiums. Over the years, defendant has developed certain practices regarding the payment of premiums. Those practices are as follows: (1) there is a 31 day grace period in which to make a payment from the due date; after the grace period has passed, the policy is lapsed and the coverage is not active; (2) when a policy has lapsed beyond the 31 day grace period, defendant will accept payment up to 120 days lapsed without reinstatement provided the insured is in good health (if not in good health, reinstatement is required); and (3) after the 120th day of lapse, payment cannot be accepted and the insured must apply for reinstatement and pay all back premiums to bring the policy current in order for reinstatement to be considered.[2]

Through the instant action, plaintiff is challenging defendant's practice during the period when the policy is lapsed between 32 and 120 days. Plaintiff contends that this practice is directly and expressly contrary to the provisions of defendant's life insurance policies. Plaintiff asserts that whenever defendant accepts premiums on a life insurance policy that has already lapsed, in any amount less than all of the overdue premiums, such that the policy is not brought current and reinstated at that time, those premiums should be returned to the insured.

Plaintiff now moves this Court to certify a nationwide class in this case. Specifically, plaintiff moves to certify the following class:

> All Globe policyholders residing in the United States (including its Territories and the District of Columbia) that paid Globe life insurance policy premium payments, which Globe retained, at a time when that life insurance policy was already lapsed and was not reinstated with such payment.

---

[2] During the 32 -120 day period, an insured may choose to (1) pay past due amounts to reinstate the policy or (2) pay a portion of the amount past due and advance the paid-to-date, thereby retaining the opportunity to reinstate the policy without having to prove insurability or undergo further underwriting.

Plaintiff's Motion for Class Certification and Brief in Support at 6. Excluded from plaintiff's proposed class are

> (i) Defendant Globe Life and Accident Insurance Company, any parent, affiliate, or subsidiary of Defendant, (ii) any entity in which Defendant has a controlling interest; (iii) any of Defendant's officers or directors; (iv) any successor or assign of Defendant; (v) anyone employed by counsel for Plaintiff; (vi) any Judge to whom this case is assigned, his or her spouse, and all members of their families; (vii) persons who have settled with and validly released Defendant from separate claims against Defendant based on the conduct alleged herein; (viii) any and all federal, state or local government entity, including but not limited to, their associated departments, agencies, divisions, bureaus, boards, sections, groups, councils, and/or any other subdivision, and any claim that such governmental entity(ies) may have directly or indirectly; (ix) class counsel; (x) the Judges of any court which this case is assigned; (xi) any persons who Plaintiff's counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

*Id.*

II. Discussion

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotations and citation omitted). "To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal quotations and citation omitted). The plaintiff ultimately bears the burden of showing that the Rule 23 requirements are met, and this Court must engage in its own "rigorous analysis" to ensure that certification is appropriate. *See Shook v. El Paso Cty.*, 386 F.3d 963, 968 (10th Cir. 2004).

Federal Rule of Civil Procedure 23 provides, in pertinent part:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

\* \* \*

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a),(b)(3).[3,4]

The Court has carefully reviewed the parties' submissions. Even assuming that plaintiff could satisfy the prerequisites set forth in Rule 23(a)[5], the Court finds that plaintiff has not met his burden of establishing that the questions of law or fact common to the proposed class members predominate over any questions affecting only individual members, and that a class action is

---

[3] Defendant does not dispute that the numerosity requirement has been met.
[4] Plaintiff is seeking to certify a class action pursuant to Rule 23(b)(3).
[5] The Court would note that it is likely that plaintiff would have difficulty satisfying the typicality and adequacy of the class representative prerequisites.

superior to other available methods for fairly and efficiently adjudicating the controversy. In the case at bar, plaintiff is seeking to certify a nationwide class -- all Globe policyholders residing in the United States (including its Territories and the District of Columbia). Further, it appears that plaintiff is seeking to bring state law claims on behalf of the members of the nationwide class and, thus, the applicable law that would apply to specific members of the class likely would vary depending on the state law that would apply to a specific member.

"[T]o establish commonality of the applicable law, nationwide class action movants must creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class certification does not present insuperable obstacles.'" *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986) (quoting *In re Asbestos Sch. Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986)). Further,

> where the applicable law derives from the law of the 50 states, as opposed to a unitary federal cause of action, differences in state law will compound the disparities among class members from the different states. Because [plaintiff] seeks certification of a nationwide class for which the law of forty-eight states potentially applies, she bears the burden of demonstrating a suitable and realistic plan for trial of the class claims.

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (internal quotations and citations omitted).

In his motion and reply, however, plaintiff fails to identify the particular state law claims he is asserting on behalf of the class; though in his reply, it appears that plaintiff may only be asserting a breach of contract claim. Plaintiff also fails to provide any analysis of state law variances, such as varying statutes of limitations and varying standards for the admissibility of parol evidence, and fails to show that certification of a nationwide class would not present

5

insuperable obstacles. Finally, plaintiff fails to provide any suitable or realistic plan for trial of the class claims in light of any variations in state law.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion for Class Certification [docket no. 48].

**IT IS SO ORDERED this 18th day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE